DECISION
This matter comes before the Court on plaintiffs' Motions for Leave to File Amended Complaint, to Certify Class, and for Reconsideration of this Court's Denial of Class Certification. Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 15 (a), 23, and 60 (b).
 Facts/Travel
The plaintiffs filed two separate lawsuits, now consolidated, alleging that the Town of Middletown (the "Town") illegally assessed sewer users in the fiscal years 1993-94 and 1994-95. The 1993-94 fiscal year Complaint was filed as a potential, class action lawsuit. However, the trial justice denied plaintiffs' motion for class action certification pursuant to R.I. Super. R. Civ. P. 23 (a). During the course of the lawsuit, the trial justice granted partial summary judgment on the following categories of plaintiff 1993-94 and 1994-95 fiscal year Complaints: (1) the Town charged sewer fees for debt services on its bonds; (2) the Town funded a surplus/contingency fund (3) the Town assessed sewer users for capital improvements; and (4) the Town assessed sewer users the costs associated with its 1985 contract with Newport. A Separate and Final Judgment was entered on or about November 15, 1996. The Town appealed the ruling. The Rhode Island Supreme Court denied the Town's appeal on categories 1, 2. and 3, but sustained the appeal as to category 4. NewportCourt Club Assoc. v. Town Council of Middletown, 716 A.2d 787
(R.I. 1998). The class certification issue was not before the Supreme Court. The only remaining counts in plaintiffs' 1993-94 and 1994-95 fiscal year Complaints concern issues of denial of due process, denial of equal protection, and taking without just compensation.
Motion for Reconsideration of This Court's Denial of Class Certification
The plaintiffs request that this Court reconsider the denial of its Motion To Certify Class, and, certify the 1993-94 fiscal year Complaint as a class action for all sewer fee ratepayers in the Town of Middletown. Initially, count VII of plaintiffs' 1993-94 fiscal year Complaint alleged that certain commercial sewer users paid a disproportionate and unfair share of the Town's sewer charges. The trial justice denied the class certification on the grounds that there were "too many management problems with respect to any award of damages or reward or refunds." (See
Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration of this Court's Denial of Class Certification, Ex. A at 13.) The plaintiffs did not file a Petition for Writ of Certiorari regarding the class certification issue. As a result of the decision in Newport Court ClubAssociates v. Town Council of Middletown, 716 A.2d 787 (R.I. 1998), the parties executed a Stipulation of Dismissal of Count VII of Plaintiff's Complaint, with prejudice, on or about February 1, 1999.
The plaintiffs argue that the dismissal of Count VII of 1993-94 fiscal year Complaint removes the only impediment to the class action certification. Therefore, plaintiffs assert, all requirements have been met pursuant to R.I. Super. R. Civ. P. 23 (a). Additionally, class certification has been granted on plaintiffs' Complaints for the 1996-97, 1997-98, 1998-99 fiscal years. The plaintiffs also contend that class actions are appropriate in illegal assessments of sewer fees by a Municipality, arguing that notice and opportunity to opt out of a class action are not prerequisites to certify this action.
The Town argues that the parties executed a document entitled "Stipulated Facts" which delineates the rebates owed to plaintiff in 1993-94 and 1994-95. This Court entered a Separate and Final Judgment based upon the Stipulated Facts. The Town was granted a stay of the judgment pending its appeal to the Rhode Island Supreme Court. The Supreme Court remanded the case "for entry of judgment in accordance with this opinion." 716 A.2d 793. The Town contends that plaintiffs have not met the conditions under R.I. Super. R. Civ. P. 60 (b) for this Court to grant relief from judgment, and that plaintiffs are untimely in their request for class action certification.
Although the plaintiffs couch their motion in terms of reconsideration, plaintiffs are in effect asking this Court for relief from judgment. Whether or not a party is entitled to relief from a judgment is specifically set forth in R.I. Super. R. Civ. P. 60 (b). Some of the grounds upon which relief from a judgment will be granted are excusable neglect, fraud, newly discovered evidence, and void judgment. Id. However, plaintiffs have failed to argue in their motion that relief from judgment is necessitated based upon any of the foregoing grounds. By agreeing to dismiss Count VII of the 1993-94 fiscal year Complaint and apply the holding in 716 A.2d 787 to that Complaint, plaintiffs arc attempting to certify the class action through the back door, something they could not accomplish through the front door. The plaintiffs chose their strategy when filing the 1993-94 fiscal year Complaint having had plenty of time to change that strategy prior to the judgment. The plaintiffs cannot now take a favorable Supreme Court ruling and utilize it to the Town's disadvantage and prejudice. Furthermore, plaintiffs never filed a Petition for Writ of Certiorari regarding the class certification issue. Therefore, plaintiffs' Motion for Reconsideration of this Court's Denial of Class Certification is denied.
 Motions For Leave to File Amended Complaint and Certify Class
The plaintiffs also request that this Court allow diem to amend the 1994-95 fiscal year Complaint to accomplish the following: add a plaintiff class comprised of all sewer fee ratepayers in the Town of Middletown for the fiscal year 1994-95; eliminate plaintiff Brian J. Gillson d/b/a The Inn at Newport Beach from the lawsuit; and drop Count VII based upon the ruling in 716 A.2d 787. Additionally, plaintiffs request that this Court certify the class action as set forth in R.I. Super. R. Civ. P. 23. The plaintiffs' arguments in support of the class certification are identical to the arguments made in support of its Motion for Reconsideration.
The Town argues that the class certification motion is untimely and the amended Complaint adds a new count challenging the 1994-95 assessment. The Town contends that plaintiffs had ample opportunity to plead the new count prior to the entry of judgment. However, the Town does not object to the deletion of the name of Brian J. Gillson d/b/a The Inn at Newport Beach from the 1994-95 fIscal year Complaint.
Although leave to amend should be freely given, this Court has the discretion as to whether or not to allow the amendment.Order of St. Benedict v. Gordon, 417 A.2d 881, 883 (R.I. 1980). "The most common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party . . . or that the party has had sufficient opportunity to state a claim and has failed." Faerber v. Cavanaugh, 568 A.2d 326, 329 (R.I. 1990) (citation omitted). Once again, this Court finds that plaintiffs are attempting to accomplish that which they should have done prior to entry of the judgment. Based upon the same reasoning set forth in the Motion for Reconsideration section of this Decision, this Court denies plaintiffs' Motions for Class Certification and to amend the Complaint to add the class action allegation and add a new count. The Court grants the amendment of the Complaint to delete Brian J. Gillson d/b/a The Inn at Newport Beach as a party, and to drop Count VII as the parties have agreed to its dismissal by stipulation.
Counsel shall prepare the appropriate order for entry.